JOHN GARWOOD, RESPONDENT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Evidence — admissibility of the opinions of experts — effect of the acquiescence of mill-wrights in the use of certain tables showing the number of horse power obtained from a specified quantity of water, as establishing the accuracy and competency as evidence of such tables.*

APPEAL from a judgment entered on a verdict at the Genesee Circuit, and from an order denying a motion made on case and exceptions for a new trial.

This action was commenced in April, 1883, to recover damages alleged to have been sustained by the plaintiff by reason of the diversion by the defendant of water from Tonawanda creek at Batavia, in the county of Genesee, subsequently to March 10, 1879. The plaintiff had a grist and flour mill, supplied and operated by water from the creek, about three miles below the location of the defendant's pumps by which it raises water from the creek into its

reservoir or tank to supply its railroad engines with water. It appeared that during the dry season of the year, which is said to occupy four months or more annually, the creek is not capable of furnishing water sufficiently to operate the plaintiff's mill but a short time daily. And it is claimed by him that this deficiency is increased, and the use of his mill essentially impaired by this diversion made by the defendant for the supply of its engines with water. In that respect the evidence of the respective parties presented a diversity of fact. While that on the part of the plaintiff tended to prove that the water so diverted and taken from the creek by the defendant would furnish head in the plaintiff's mill pond and supply power sufficient to enable him to grind at his mill six to eight bushels of wheat daily, the evidence on the part of the defense is to the effect that the water so taken from the creek would not add any perceptible difference to the head in the pond or to the efficiency of the power to propel the machinery at the mill or to its results. This action is between the same parties and for a like cause (embracing a later period) as that of *Garwood* v. *New York Central and Hudson River Railroad Company* (17 Hun, 356; affirmed, 83 N. Y., 400).

The court at General Term, after examining and affirming the order of the court below in overruling exceptions taken to evidence admitted, said: "One witness, who was a millwright acquainted with the mill, its wheels and efficiency, and with the defendant's pumps, having stated what quantity of water the two pumps, continuously occupied, would take from the creek, was asked to state the grinding capacity of that quantity of water at the mill, which he was permitted to answer, under the objection and exception taken by the defendant's counsel, on the ground that there was no foundation laid for the evidence. It is true that it had not appeared that the two pumps were constantly in operation, but it was not error, for that reason, to receive the evidence. It then appeared that the pumps were operated to supply the defendant's reservoir for the purposes before mentioned, and it was not incompetent to show as one fact what the means provided enabled the defendant to accomplish, although the question simply was, what quantity of water was actually taken from the creek, the effect of such abstraction upon the working capacity of the plaintiff's mill and its

consequences. The inquiry to which this objection was taken, so far as the requisite facts were wanting to give it effect, presented a question of order of proof which came within the discretion of the trial court. While it appeared by the evidence of this witness that he had experience which enabled him to state the quantity of grain ground by a specified power, he got the number of horse-power from Leffel's Tables, who is the manufacturer of the turbine wheel. This appeared on the cross-examination; and when further examined by the plaintiff's counsel he answered that Leffel's Tables were ordinarily used by millwrights, and by all of them considered accurate. To this objection and exception were taken. We think the united acquiescence of millwrights in the accuracy of these tables, and in the results of computation founded upon them, may be treated as the common knowledge of the men of that profession, and their computations so made as competent evidence. (*Schell* v. *Plumb*, 55 N. Y., 592; *People* v. *Insurance Co.*, 78 id., 114, 128.) There was no error in the reception of the evidence of such recognized accuracy and the general use made of the tables."

*Greene, McMillan & Gluck*, for the appellant.

*James Breck Perkins*, for the respondent.

Opinion by BRADLEY, J.; SMITH, P. J., concurred; HAIGHT, J., not sitting.

Judgment and order affirmed.